**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**KHALDOUN KHATTAB,**

        **Plaintiff,**       **CASE NUMBER: 06-13343**
                            **HONORABLE VICTORIA A. ROBERTS**

**v.**

**MOREHOUSE SCHOOL OF MEDICINE,**

        **Defendant.**
_____/

**ORDER**

**I.   INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss. For the reasons stated below, the Court **GRANTS** Defendant's motion.

**II.   BACKGROUND**

Plaintiff Khaldoun Khattab ("Plaintiff"), was a Resident in the Internal Medicine Residency Program of Morehouse School of Medicine ("MSM") from July 1, 2004 to June 30, 2005. MSM is a privately funded, four-year medical school located in Atlanta, Georgia. Founded in 1983, MSM confers medical degrees, degrees in public health, and also operates residency programs in Georgia. MSM is a non-profit organization organized under the laws of Georgia.

At the conclusion of the 2004-2005 academic year, MSM did not renew Plaintiff's appointment to the residency program. Plaintiff alleges that while participating in MSM's residency program, he was subjected to discriminatory conduct based on his race, color, national origin, and religion. Plaintiff claims that his superiors and fellow co-

workers harassed, abused, and intentionally inflicted him with emotional distress. Plaintiff asserts that he complained numerous times about the conduct and, despite his best efforts to work under these conditions, he was terminated in retaliation. Further, Plaintiff alleges that after his termination MSM sent "negative information" to potential employers. Plaintiff says this prevented him from obtaining subsequent employment. Plaintiff filed a formal complaint with the EEOC. The EEOC investigated Plaintiff's claims and provided him with a "right to sue" letter. This employment discrimination action is pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-5, et seq.

MSM requests dismissal of the claim against it and argues: 1) the Court lacks personal jurisdiction and 2) Plaintiff failed to state a claim upon which relief can be granted. Alternatively, in the event the Court determines jurisdiction is proper, MSM requests that venue be transferred to the United States District Court for the Northern District of Georgia for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a).

### III.   ANALYSIS AND APPLICABLE LAW

#### A.   Lack of Personal Jurisdiction

In a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden to establish personal jurisdiction. *Int'l Tech Consultants, Inc. v. Euroglas, S.A.*, 107 F.3d 386, 391 (6th Cir. 1997). If the court does not conduct an evidentiary hearing, Plaintiff can meet his burden with a *prima facie* showing of jurisdiction. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). The Court must view the evidence in the light most favorable to the plaintiff

without weighing any disputed assertions of the party seeking dismissal. *Theunnisen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). However, "in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* at 1262.

MSM, which is incorporated in Georgia, argues that this Court lacks personal jurisdiction because it does not have sufficient minimum contacts with the State of Michigan. MSM is correct.

### i. Minimum Contacts

Courts must look to the law of the forum state to determine whether personal jurisdiction exists. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). Because the Michigan Supreme Court interprets Michigan's long-arm statute to extend personal jurisdiction over a non-resident defendant to "the farthest limits permitted by due process," Michigan's two-part analysis merges so that the only determination is whether assertion of personal jurisdiction violates the due process clause. *Sifers v. Horen*, 385 Mich. 195, 199 (1971); *Green v. Wilson*, 455 Mich. 342, 350 (1997); *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992).

A plaintiff may assert either general or specific personal jurisdiction. "In a case of general jurisdiction, a defendant's contacts with the forum state are of such a 'continuous and systematic' nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contact with the state." *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir.

1998).  In a specific jurisdiction case, "a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum," such as an action in tort or personal judgments.  *Wedge Group, Inc.*, 882 F.2d at 1089.  According to MSM, the facts do not support this Court's exercise of either general or specific personal jurisdiction.[1]

In Michigan, general personal jurisdiction over a corporate defendant is governed by Mich.Comp.Laws § 600.711, which provides:

> The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to personal judgments against the corporation.
> (1) Incorporation under the laws of this state.
> (2) Consent, to the extent authorized by the consent and subject to the limitation provided in section 745.
> (3) The carrying on of a continuous and systematic part of its general business within the state.

Mich.Comp.Laws § 600.711.

In a sworn affidavit, MSM attests that it is not incorporated in the State of Michigan.[2]  MSM does not consent to suit in the State of Michigan so as to fall within the purview of § 600.711(2).  Further, MSM does not carry on a "continuous and systematic" portion of its business in Michigan.  MSM argues that all activities

---

[1] The Court notes that Michigan courts use the term limited personal jurisdiction synonymously with the term "specific" personal jurisdiction.  *See Green v. Wilson*, 455 Mich. 342 (1997).

[2] Marilyn Pruit, MSM's Director of Risk Management and Special Services, attests to the following: 1) MSM is incorporated in Georgia; 2) MSM's principal place of business is Atlanta, Georgia; 3) MSM conducts its operations solely in Georgia; 4) MSM is not registered to do business in Michigan or any other state; and 5) MSM does not own a business or property in Michigan.

associated with MSM's educational programs occur in Georgia.  Moreover, Defendant asserts that all decisions regarding qualifications and retention in MSM's residency program were made in Georgia.

Plaintiff argues that MSM sends residents to work in Alabama and Minnesota and that further discovery may be necessary to determine whether MSM solely conducts its operations in Georgia.  In a supplemental affidavit, MSM acknowledges that it does send certain residents to Alabama and Minnesota for one to six months.  However, MSM maintains that it does not affiliate with any hospitals in Michigan.  Plaintiff presents no evidence to the contrary.  Therefore, this Court is unable to exercise general jurisdiction over MSM.

In addition, the facts also do not warrant this Court's exercise of limited jurisdiction over MSM.  The exercise of limited jurisdiction over a defendant is governed by Mich.Comp.Laws § 600.715, which provides:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:
> (1) The transaction of any business within the state.
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

Mich.Comp.Laws § 600.715.  The Sixth Circuit developed three criteria for determining whether limited jurisdiction may constitutionally be exercised over a non-resident

5

defendant: 1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; 2) the cause of action must arise from the defendant's activities there; and 3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *LAK, Inc. v. Deer Creek Enter.*, 885 F.2d 1293, 1299 (6th Cir. 1989).  When the first two elements are met, an inference arises that the third element is also satisfied. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996).  "Failure to meet any of the three means that personal jurisdiction may not be invoked."  *LAK*, 885 F.2d at 1303.

To establish the purposeful availment prong, Plaintiff must show that MSM had sufficient "minimum contacts" with the forum state "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)(quoting *Miliken v. Meyer*, 311 U.S. 457, 463 (1940)).  The purposeful availment requirement ensures that "'random,' 'fortuitous,' or 'attenuated' contacts do not cause a defendant to be haled into a jurisdiction."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *CompuServe, Inc. v. Patterson*, 89 F.3d at 1263.

Plaintiff contends that jurisdiction exists because MSM availed itself to the State of Michigan by accepting his application through the National Residency Matching Program.  Plaintiff notes that his letter of acceptance from MSM was sent to him in Michigan.  Further, Plaintiff contends that not all decisions regarding his residency were made in Georgia.

To the contrary, MSM argues that all activity between Plaintiff and MSM occurred in Georgia.  MSM contends that hiring Plaintiff through a matching service does not constitute purposeful availment.  Plaintiff submitted an on-line application through ERAS, an independent "matching" service which reviews residency applications and forwards them to MSM.  Once MSM reviews the application it selects certain applicants to come to Georgia for an interview.  According to MSM, it does not solicit applications from Michigan, nor did its representative travel to Michigan to recruit or interview applicants, including Plaintiff.  The purpose of the letter sent to applicants, including Plaintiff, is only to notify them that further consideration in the admission process requires a personal interview in Atlanta, GA.  Further, MSM asserts that the basis of Plaintiff's lawsuit - MSM's decision not to continue his residency - did not arise out of any activities in Michigan or any privilege MSM exercised in Michigan.

In *LAK*, the Sixth Circuit held that contract negotiations which began in Florida and continued with telephone calls from the defendant to the plaintiff in the forum state, and culminated in plaintiff's signing the contract in the forum state were "random," "fortuitous," and "attenuated" contacts and an insufficient basis for haling non-resident defendants into the foreign jurisdictions.  *LAK*, 885 F.2d at 1300-01.

Further, this case is unlike *Lanier v. American Bd. of Endodontics*, 843 F.2d 901, 907-11 (6th Cir. 1988), where the Sixth Circuit found that contacts between the plaintiff and the defendant Board by mail and telephone were sufficient to establish purposeful availment.  In that case the Board was a nationwide organization which depended on members in every state.  The Court stated that the Board purposefully availed itself of the opportunity to gain members in the forum state, and had a substantial impact on the

forum state through its certification of members who practiced there.  843 F.2d. at 911.  No such facts are present here.

Here, MSM's sole contact with Michigan is its receipt of Plaintiff's application and its return letter inviting him for a personal interview.  These contacts could not be more "random," "fortuitous," and "attenuated."  Construing the pleadings and affidavits in a light most favorable to Plaintiff, the Court holds that defendant did not purposefully direct its activities to Michigan.

Because the purposeful availment factor is completely lacking, the Court declines to discuss the remaining factors.  The Court notes, however, that Plaintiff would not prevail under those factors either, considering the activities surrounding his employment discrimination claim arose in Georgia.

Exercise of personal jurisdiction over MSM would offend the Due Process Clause.  The Court declines to exercise jurisdiction over MSM, and **DISMISSES** Plaintiff's complaint.

**IT IS SO ORDERED**.

                                            s/Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated:  January 4, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Plaintiff by electronic means or U.S. Mail on January 4, 2007.

s/Linda Vertriest
Deputy Clerk

---