UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KHALDOUN KHATTAB,**

        Plaintiff,         **CASE NUMBER: 06-13343**
                               **HONORABLE VICTORIA A. ROBERTS**

v.

**MOREHOUSE SCHOOL OF MEDICINE,**

        Defendant.
_____/

## ORDER

This matter is before the Court on Plaintiff Khaldoun Khattab's ("Plaintiff") Motion for Reconsideration. For the reasons stated below, the Court **GRANTS** Plaintiff's motion.

Plaintiff requests the Court to reconsider its January 4, 2007 Order granting Defendant Morehouse School of Medicine's ("MSM") Motion to Dismiss. Specifically, if the Court declines to exercise personal jurisdiction over MSM, Plaintiff requests a transfer of the case to a district court in Georgia. While the Court maintains it properly dismissed the case because of the absence of personal jurisdiction, upon further reflection, the Court finds that the interest of justice are better served by transferring this matter to a district where it might have been brought.

Under 28 U.S.C. § 1406(a), a district court with a case filed in the wrong district shall - if it be in the interest of justice- transfer such case to any district in which it could have been brought. 28 U.S.C. § 1406(a). A transfer under section 1406(a), unlike 28

U.S.C. § 1404[1], does not require that the district court have personal jurisdiction over the defendant before transferring the case. See *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993); *Roman v. Ashcroft*, 340 F.3d 314, 329 fn 11 (6th Cir. 2003)(noting that section 1406(a) allows transfer regardless of whether the transferring court lacks personal jurisdiction over the defendant). However, a court must have subject matter jurisdiction. *Id.*

Neither party disputes that this action could have been brought in Georgia. MSM is a privately funded, four-year medical school located in Atlanta, Georgia. MSM is a non-profit organized under the laws of Georgia and agrees that it is subject to personal jurisdiction there. While this Court maintains that it does not have personal jurisdiction over MSM, it does have subject matter jurisdiction over Plaintiff's employment discrimination claims, pursuant to 42 U.S.C. § 2000e-5, et seq.

The Northern District of Georgia is a place where the action could have been brought originally because this is both whether Plaintiff's claims arose and where MSM is located. Since both subject matter jurisdiction and MSM's contacts with Georgia have been established, the Court finds that transferring the case to the Northern District of Georgia would be in the interest of justice.

Thus, the Court **GRANTS** Plaintiff's motion for reconsideration and orders the case transferred to the Northern District of Georgia.

---

[1] 28 U.S.C. 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer such case to any district or division where it might have been brought."

**IT IS SO ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 19, 2007

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Plaintiff by electronic means or U.S. Mail on January 19, 2007.<br><br>s/Linda Vertriest<br>Deputy Clerk |